IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   16-cv-00100-GPG

RAMON L. FISHER,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

## ORDER DISMISSING CASE

    Plaintiff Ramon L. Fisher is in the custody of the Colorado Department of Corrections and currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado.   Plaintiff initiated this action on January 14, 2016, by filing a Letter that states Plaintiff is concerned for his safety because prison staff members are coming to work "high" and then antagonize and abuse "other inmates," mostly sexually, and by making sexual comments.   ECF No. 1.   Plaintiff further asserts that he is threatened daily by the mental health staff and targeted to draw the attention away from the security staff.   Plaintiff contends that the prison needs to be "raided."   *Id.*

    On, January 15, 2016, Magistrate Judge Gordon P. Gallagher entered an order that directed Plaintiff to submit his claims on a Court-approved form used in filing prisoner complaints and either to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or in the alternative to pay the $400 filing fee.

    On February 4, 2016, Plaintiff submitted a Letter in this case and stated that he did not intend to file a complaint but only wanted to notify the Court that the CDOC staff "has organized as the Klan and the Court should send the Feds to [the prison]."   ECF No. 4 at 3.   Plaintiff further states that he has filed three previous cases in which he had to pay

$1500 and he does not have the money to "give the courts" to apparently file another action.  *Id.* at 1.   Plaintiff now has failed to comply with the January 15, 2016 Order to Cure within the time allowed.

The Court, therefore, finds that Plaintiff does not intend to proceed with this action at this time; and the Letter will be construed as a Voluntary Notice of Dismissal.

Rule 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."   Defendant has not filed an answer in this action.   Further, a voluntary dismissal under Rule 41(a)(1)(A)(i) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.   *See* 8-41 James Wm. Moore et al., Moore's Federal Practice § 41.33(6)(a) (3d ed. 1997); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).   The case, therefore, will be closed as of February 4, 2016, the date the Notice was filed with the Court.   *See Hyde Constr. Co.*, 388 F.2d at 507.

Accordingly, it is

ORDERED that the Voluntary Notice of Dismissal, ECF No. 4, is effective as of February 4, 2016, the date Plaintiff filed the Notice in this action.   It is

FURTHER ORDERED that the Complaint and action are dismissed without prejudice.

DATED at Denver, Colorado, this ___4th___ day of ___March___, 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court